UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID C. COOK,

      Plaintiff,          CIVIL ACTION NO. 04-CV-74963-DT

  v.

                        DISTRICT JUDGE PAUL BORMAN

                        MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendant's Motion for Summary Judgment should be GRANTED, and the instant Complaint DISMISSED, as there was substantial evidence on the record that claimant remained capable of performing a restricted range of light work prior to December 2001.

\*    \*    \*

      Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits in March 2001, alleging that he had been disabled and unable to work since June 1992, at age 43, due to cardiac and musculoskeletal impairments. Benefits were denied, initially and upon reconsideration, by the Social Security Administration. A requested de novo hearing was held on January 8, 2003, before Administrative Law Judge (ALJ) Karen Goheen. The ALJ subsequently found that the claimant was entitled to SSI benefits, as of December 1, 2001, when bilateral arthritic knee pain limited him to sedentary

work activity.[1]  The ALJ determined, however, that Plaintiff was not disabled prior to December 2001, because he remained capable of performing a restricted range of light work[2] providing a sit-stand option. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits prior to December 2001. Defendant (only) has filed Motion a for Summary Judgment and the issue for review is whether Defendant's denial of benefits prior to December 2001 was supported by substantial evidence on the record[3].

---

[1]Plaintiff was found disabled after December 2001, because the Medical-Vocational Guidelines ("the grid") mandate a finding of disability given his approaching advanced age, limited education, unskilled work history, and residual capacity only for sedentary work activity (Rule 201.09). The ALJ determined, however, that Plaintiff was not entitled to DIB or SSI benefits prior to December 1, 2001, since he remained capable of light work activity.

[2]Light work activity is defined as the ability to lift no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job in this category sometimes requires a good deal of walking or standing, or involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, a person must have the ability to do substantially all of these activities.  If someone can do light work, the Secretary will also find that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404. 1567(b) (2005).

[3]In a handwritten letter filed on April 1, 2005, Plaintiff stated that he was currently on several medications for joint pain. He added that the severe nature of the pain symptoms prevented him from returning to work (Docket #11). After being granted additional time to respond to Defendant's Motion for Summary Judgment, Plaintiff submitted another handwritten letter dated July 14, 2005, in which he maintained that joint pain prevented him from working prior to December 2001 (Docket #16).

2

Plaintiff was 54 years old at the time of the administrative hearing. He had an eleventh grade education, and had been employed as a blast operator for a steel company during the relevant past (TR 47, 52). As a steel worker, he was on his feet for most of the workday. He frequently had to bend and reach over his head, and had to lift up to 50 pounds on a regular basis (TR 47). Claimant stopped working in June 1992 due to joint pain and periodic chest discomfort (TR 46, 87). Plaintiff amended his alleged onset date of disability to January 15, 1999, claiming that joint pain prevented him from walking and standing for prolonged periods since that time (TR 524, 543). The claimant estimated that he could walk two blocks before needing to sit down (TR 545). Pain medications failed to relieve his joint pain, and claimant allegedly needed to lie down twice a day to relieve his back discomfort (TR 546-547).

Claimant testified that heart medications successfully relieved his chest pain. He admitted that he had not experienced any chest pain since a heart attack in 1998 (TR 548-549). Plaintiff was able to prepare meals and perform some household chores. He enjoyed visiting friends and family (TR 554-555, 558). He was able to drive an automobile, and shop for groceries (TR 43, 533-534, 552).

A Vocational Expert, Samuel Goldstein, classified Plaintiff's past work as medium, unskilled activity (TR 564). The witness testified that there would be no jobs that claimant could

3

perform if his testimony were fully accepted (TR 566).[4] If claimant
were capable of light work, however, there were numerous unskilled
bench assembly, packaging, security monitoring and inspection jobs
that he could perform with minimal vocational adjustment (TR 565).
These jobs provided a sit-stand option, and did not involve any
repetitive bending or twisting (TR 564-565).

---

[4]The VE explained that Plaintiff's alleged need to lie down
several times a day would preclude all work activity (TR 566).

LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired as a result of coronary artery disease and joint pain, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ determined that the claimant was not disabled prior to December 2001, because he could still perform a significant number of light jobs existing in the national economy that were identified by the Vocational Expert.  These jobs did not require repetitive bending or twisting, and they provided a sit-stand option.

The ALJ recognized that the Medical Vocational Guidelines mandated a finding of "disabled" for any individual who was approaching advanced age with non-transferable work skills and a residual capacity for sedentary activity.  As a result, the ALJ determined that Plaintiff was entitled to a period of SSI disability benefits after December 1, 2001, when he was limited to  sedentary work activity due to an inability to stand or walk for prolonged periods.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla

5

but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See <u>Kirk v. Secretary</u>, 667 F.2d 524, 535 (6th Cir. 1981), <u>cert</u>. <u>denied</u>, 461 U.S. 957 (1983). This court does not try the case <u>de novo</u>, resolve conflicts in the evidence, or decide questions of credibility. See <u>Brainard v. Secretary</u>, 889 F.2d 679, 681 (6th Cir. 1989); <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. <u>Kirk</u>, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, <u>Mullen v. Bowen</u>, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); <u>Casey v. Secretary</u>, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, <u>Kinsella v. Schweiker</u>, 708 F.2d 1058, 1059 (6th Cir. 1983).

DISCUSSION AND ANALYSIS

        Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work providing a sit-stand option prior to December 1, 2001. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of severe and totally disabling cardiac difficulties or severe joint pain during the relevant period.[5]

        The medical record shows that Plaintiff did not receive extensive medical treatment for either his cardiac problems or joint pain from 1999 through 2001. The ALJ relied on the functional restrictions imposed by his treating doctor during the relevant time.  In a residual functional capacity evaluation dated March 19, 1999, Dr. Jon Wardner indicated that Plaintiff should avoid lifting more than 25 pounds and not perform any repetitive bending or twisting (TR 456).  The treating doctor opined that the claimant could return to full-time work, after a period of rehabilitation, as long as his employer provided a sit-stand option (TR 454, 456). Plaintiff was also discharged from cardiac treatment during the relevant period with instructions to exercise, watch his diet and avoid smoking (TR 417, 421-422, 426, 554-555).  Moreover, Plaintiff

_____

        [5]Plaintiff alleged disability beginning January 15, 1999 (TR 524, 528). The ALJ determined that he was disabled, but not before December 1, 2001 (TR 18-19).  Thus, the period under review is from January 15, 1999, through November 30, 2001. Plaintiff's insured status for DIB purposes expired on December 31, 1999 (TR 20).

testified that heart medications have relieved his chest pain since 1998 (TR 548-549).

Given the lack of objective clinical evidence of total disability during the relevant period, the Law Judge could reasonably find that Plaintiff's cardiac and musculoskeletal difficulties did not prevent him from performing a reduced range of light work prior to December 2001. There was medical evidence on both sides and, having examined it, the undersigned cannot say that the Commissioner's conclusion was not supportable. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms were not fully credible.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility finding of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said in light of how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the

8

Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments prior to December 2001. The Commissioner, however, met her burden of proving that such jobs existed through Vocational Expert testimony. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments during the relevant period, the Vocational Expert testified that there were numerous unskilled bench assembly, packaging, security monitoring and inspection jobs that he could perform with minimal vocational adjustment (TR 565). These jobs provided a sit-stand option, and did not involve any repetitive bending or twisting (TR 564-565). Given the lack of objective clinical findings of the examining physicians of record during the relevant period, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work prior to December 2001.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Defendant's Motion for Summary Judgment should be granted and the instant Complaint dismissed. Given this recommendation, Plaintiff's request for appointment of counsel (Docket #10) should be denied.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within

2:04-cv-74963-PDB-DAS   Doc # 17   Filed 07/28/05   Pg 10 of 10   Pg ID 641

ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: July 28, 2005

cc: Honorable Paul D. Borman
    David Cook
    Janet Parker